# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN, ) ) Plaintiff, ) ) v. ) ) CITIMORTGAGE, INC., ) ) Defendant. ) | CIVIL ACTION NO. 1:15-CV-04396-LMM |

## DEFENDANT CITIMORTGAGE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant CitiMortgage, Inc. ("CMI") respectfully submits this Memorandum of Law in Support of its Motion for Summary Judgment on all claims in the Amended Complaint of Plaintiff Ricky R. Franklin ("Plaintiff"), and states as follows:

### INTRODUCTION

In his Complaint, Plaintiff seeks to quiet title as against CMI with regard to real property located at 708 Brambling Way, Stockbridge, Georgia 30281 based on Plaintiff's contention that the assignment of the security deed relating to that property to CMI is invalid, and therefore, CMI allegedly lacks any interest in the

Property. Plaintiff also asserts violations of the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA") against CMI. All of Plaintiff's claims fail as a matter of law.

First, Plaintiff's quiet title claim fails because under well-settled Georgia law, as Plaintiff was not a party to the assignment, Plaintiff lacks standing to challenge its validity as a matter of law. Moreover, as a result of the security deed Plaintiff granted when he entered into the mortgage loan, Plaintiff lacks title to the property and he is unable to assert a claim under Georgia's Quiet Title Act. Finally, to the extent Plaintiff seeks to invalidate the assignment based on the alleged securitization of Plaintiff's mortgage loan, this claim fails as well because any purported securitization of Plaintiff's mortgage loan is irrelevant and has no effect on the rights and obligations of Plaintiff on the loan as a matter of law.

Second, Plaintiff's FDCPA claim fails because CMI is not a debt collector as defined by the FDCPA. The undisputed facts show that CMI began servicing Plaintiff's loan in 2003, shortly after the loan was originated and long before Plaintiff defaulted on the loan in 2013. Thus, CMI is not a debt collector subject to the FDCPA under the circumstances of this case, and CMI is entitled to summary judgment as a matter of law on this claim.

Third, Plaintiff's TCPA claim fails because the undisputed facts demonstrate that the calls Plaintiff alleged were made by CMI to his cell phone were manually dialed and not made using an auto-dialer. Because Plaintiff cannot prove the use of an auto-dialer, Plaintiff cannot establish a necessary element of a claim under the TCPA, and CMI is entitled to summary judgment as a matter of law.

For the foregoing reasons, CMI is entitled to summary judgment on all of Plaintiff's claims.

## STATEMENT OF UNDISPUTED FACTS

On or about July 21, 2003, Plaintiff entered into a mortgage loan in the amount of $145,377.00 (the "Loan") with Homestar Mortgage Services, LLC ("Homestar"), which was secured by real property located at 708 Brambling Way, Stockbridge, Georgia 30281 (the "Property"). (CMI's Statement of Undisputed Material Facts ("SMF") ¶ 1.) On that same date, Plaintiff executed and conveyed a security deed (the "Security Deed") to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Homestar and its successors and assigns, to secure the Note. (SMF ¶ 2.)

CMI began servicing the Loan in 2003, shortly after its origination. (SMF ¶ 3.) On or about June 14, 2013, MERS, in its capacity as nominee, assigned the Security Deed to CMI (the "Assignment"). (SMF ¶ 4.) The Note was specially

endorsed to CMI by Homestar, and CMI remains in possession of the original Note. (SMF ¶¶ 5-6.) CMI is also the current owner of the Loan. (SMF ¶ 7.)

When CMI began servicing the Loan in 2003, the undisputed facts show that Plaintiff was current and not in default. (SMF ¶ 8.) Plaintiff defaulted on the loan approximately ten years later, in 2013, and to date, Plaintiff has not paid the Loan in full. (SMF ¶¶ 9, 11.) CMI sent Plaintiff a notice of default on May 3, 2013. (SMF ¶ 10.)

In the course of servicing the Loan, CMI attempted to contact Plaintiff by telephone. (SMF ¶ 12.) Plaintiff alleges that CMI contacted him on his cellular telephone on May 15 and May 21, 2015 using an auto-dialer. *See* Compl. ¶¶ 20-21. However, CMI's records reflect that these called were not made to Plaintiff's cellular telephone number using an auto-dialer. (SMF ¶ 13.) Rather, these calls were manually dialed. (*Id.*)

On November 13, 2015, Plaintiff filed the instant action against CMI in the Superior Court of Henry County. *See* Dkt. #1. CMI removed this case to this Court on December 17, 2015 and filed a motion to dismiss. *See id.* and Dkt. #3. In response, Plaintiff filed an Amended Complaint. Dkt. #5. In the Amended Complaint, Plaintiff asserts three claims against CMI. First, Plaintiff asserts a claim under the Georgia Quiet Title Act, O.C.G.A. § 23-3-40, alleging that CMI

does not have any interest in the Property because the Assignment of the Security Deed from MERS to CMI was invalid. *See* Dkt. # 5, ¶¶ 26-27. Second, Plaintiff asserts a claim under the FDCPA, alleging that CMI's efforts to collect the Loan, including sending letters and not complying with an alleged cease and desist request, violate the FDCPA. Third, Plaintiff asserts a claim under the TCPA based on allegations that CMI used an auto-dialer to make calls to Plaintiff's cellular telephone number without consent.

## ARGUMENT

A. **<u>Applicable Legal Standard.</u>**

Summary judgment is appropriate where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied its responsibility, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact. *Id*. If the nonmoving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, the moving party is entitled to summary judgment. *Id*.

Only disputes involving material facts are relevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Ft. Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). In order to demonstrate a genuine issue of material fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Moreover, if a party fails to plead sufficient facts to establish an element of its claim, no genuine issue of material fact exists. *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

B.  **Plaintiff's Quiet Title Claim Fails Because His Challenges to the Validity of the Assignment of the Security Deed Fail as a Matter of Law.**

Plaintiff's quiet title claim is premised solely on the alleged invalidity of the Assignment of the Security Deed from MERS to CMI. This claim fails as a matter of law for at least three reasons. First, Plaintiff lacks standing to challenge the validity of the Assignment under well-settled Georgia law. Second, Plaintiff cannot establish that he holds prescriptive title to the Property, which is required

under the Georgia Quiet Title Act. Third, to the extent Plaintiff attempts to argue CMI's interest in the Property is invalid due to an alleged securitization of the Loan, as this Court recognizes, the alleged securitization of a loan has no impact on and is irrelevant to the rights and obligations of the parties. In any event, Plaintiff's Loan is not securitized, and CMI is both the current owner and the servicer of Plaintiff's Loan.

1. <u>Plaintiff Lacks Standing to Challenge the Validity of the Assignment.</u>

CMI is entitled to summary judgment as a matter of law with respect to Plaintiff's quiet title claim because it is based on allegations that the Assignment of the Security Deed is invalid. However, Georgia law is clear that only a party to an assignment has standing to challenge the assignment. *See e.g., Shannon v. Albertelli Firm, P.C.*, 610 Fed. Appx. 866, 872-873 (11th Cir. May 7, 2015), *Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1171 (11th Cir. 2011); *Montgomery v. Bank of Am.*, 321 Ga. 343, 346 (2013); *Dominic v. Eurocar Classics*, 310 Ga. App. 825, 828 (2011). Here, it is evident from the face of the

Assignment itself that Plaintiff is not a party to the Assignment. (SMF ¶ 4.) Therefore, Plaintiff lacks standing to challenge the validity of the Assignment.[1]

2. <u>The Undisputed Facts Show that Plaintiff Cannot Establish Prescriptive Title to the Property.</u>

Plaintiff's quiet title claim also fails because he lacks the necessary interest in the Property to assert a claim under Georgia's Quiet Title Act. In order to assert a claim to quiet title under O.C.G.A. § 23-3-40, Plaintiff must establish that he holds "some current title or current prescriptive title." *Shannon*, 610 Fed. Appx. at 864 (quoting *Smith v. Georgia Kaolin Co., Inc.*, 269 Ga. 475, 498 S.E.2d 266, 267-68 (1998)). However, when a borrower (like Plaintiff) executes a security deed, legal title passes from the borrower to the lender, and the borrower retains "a mere right of redemption and right of possession of the realty until the secured debt has been satisfied in full." *Id.* at 874 (quoting *McCarter v. Bankers Trust Co.*, 247 Ga.

---

[1] Further, to the extent Plaintiff relies on *Johnson v. Bank of Am., N.A.*, 333 Ga. App. 539, 542 (2015) for the proposition that "[a] plaintiff in a quiet title action need not be a party to possible clouds upon title in order to bring a quiet title action in an attempt to remove those clouds," *Johnson* is inapposite. *Johnson* concerned pleading standards and whether a complaint may be properly dismissed based on a lack of standing under the Georgia Quiet Title Act. Here, CMI has not moved to dismiss Plaintiff's complaint. Instead, the issue in this case is Plaintiff's claim that CMI lacks any interest in the Property, and the loan documents that Plaintiff claims is causing a cloud upon Plaintiff's title. However, the record in this case establishes that Plaintiff entered into the Loan, has not repaid the Loan, and that CMI is the holder of the Note, the assignee of the Security Deed, and the owner of the Loan, and therefore, CMI's interest in the Property is valid. (*See* SMF ¶¶ 4-7.)

App. 129, 543 S.E.2d 755, 756-57 (2000)). Accordingly, unless Plaintiff can prove that he has satisfied the secured debt in full, a claim to quiet title fails as a matter of law. *Id.* (affirming dismissal of quiet title claim because the debt had not been fully paid, and therefore, the plaintiff was not entitled to cancel the security deed).

Plaintiff executed the Security Deed at the time he entered into the Loan. (SMF ¶ 2.) In doing so, Plaintiff subordinated his interest in the Property to the grantee of the Security Deed, MERS (in its capacity as nominee for Homestar and its successors and assigns). *See Shannon*, 610 Fed. Appx. at 874. Thereafter, the undisputed facts show that MERS assigned its interest in the Security Deed to CMI. (SMF ¶ 4.) Plaintiff has not paid the Loan in full. (SMF ¶¶ 10-11.) Because Plaintiff has not satisfied the Loan, he lacks prescriptive title to the Property and is not entitled to cancel the Security Deed. Therefore, CMI is entitled to summary judgment on Plaintiff's quiet title claim for this reason as well.

3. <u>The Alleged Securitization of the Loan is Irrelevant to the Rights and Obligations of Plaintiff and CMI with Respect to the Loan.</u>

Finally, to the extent Plaintiff alleges that the Security Deed should be cancelled because of the alleged securitization of the Loan, such a claim lacks merit. Georgia law is clear that the purported securitization or sale of an ownership interest in a mortgage loan has no effect on the rights and obligations of the parties to the underlying loan. *See Edward v. Bank of Am.*, N.A., No. 1:11-cv-

9

2465-RWS, 2012 WL 4327073, at *6 (N.D. Ga. Aug. 2, 2012), adopted in relevant part by 2012 WL 4327052 (N.D. Ga. Sept. 14, 2012) (noting that no legal authority in Georgia suggests "that a recorded assignment becomes invalid merely because it was not made in compliance with a PSA"); *Searcy v. EMC Mortg. Corp.*, Civ. Act. No. 1:10-cv-0965-WBH, 2010 U.S. Dist. LEXIS 119975 (N.D. Ga. Sept. 30, 2010) (holding that the fact that a mortgage is securitized "would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure. The simple fact of the matter is that Plaintiff borrowed money [and] she is legally obligated to pay that money back."); *Montoya v. Branch Banking & Trust Co.*, Civ. Act. No. 1:11-CV-01869, 2012 U.S. Dist. LEXIS 31786, *16 (N.D. Ga. Mar. 9, 2012) ("the Court is unaware of any legal authority – and Plaintiff points to none – that supports the proposition that the securitization of a debt relieves the debtor of her obligation to pay"); *Williams v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 39145, *6-*7 (N.D. Ga. Mar. 20, 2013) ("In essence, plaintiff argues that because her mortgage was made part of a security, she now no longer owes any money and can obtain the windfall of a free home . . ., there is no legal or factual basis for concluding that the Note was invalidated, or the debt rendered uncollectable, by that process"). As such, any

alleged securitization of the Loan is irrelevant to any claim Plaintiff could assert in this case.

Moreover, CMI is both the current owner and the servicer of Plaintiff's Loan, and the Loan is not securitized. (SMF ¶ 7.) Therefore, CMI should be granted judgment as a matter of law with respect to Plaintiff's quiet title claim.

C. **Plaintiff's FDCPA Claim Fails Because CMI Is Not a Debt Collector Under the FDCPA.**

CMI is entitled to judgment as a matter of law with respect to Plaintiff's FDCPA claim because it is not a debt collector, and therefore, the FDCPA is not applicable. *Birster v. American Home Mortg. Servicing, Inc.*, 481 Fed. Appx. 579, 582 (11th Cir. July 18, 2012) ("whether an individual or entity is a 'debt collector' is determinative of liability under the FDCPA"); *Madura v. Lakebridge Condominium Ass'n Inc.*, 382 Fed. Appx. 862, 864 (11th Cir. June 14, 2010) (explaining that defendant "was not subject to the FDCPA because it was no debt collector"); *Davidson v. Capital One Bank (USA), N.A.*, Case No. 1:13-cv-2307, 2014 U.S. Dist. LEXIS 114156, at *16 (N.D. Ga. Aug. 18, 2014) ("the FDCPA applies only to debt collectors whose conduct involves the collection of a debt") (citation and internal marks omitted).

The FDCPA defines a "debt collector" as a business which has the principal purpose of collecting debts or which regularly collects the debts of another. 15

U.S.C. § 1692a(6). Importantly, this definition expressly excludes from the scope of a debt collector "any person collecting or attempting to collect any debt owed or asserted to be owed or due another to the extent such activity . . . **concerns a debt which was not in default at the time it was obtained by such person**." 15 U.S.C. § 1692a(6)(F)(iii) (emphasis added). Thus, a defendant is not a "debt collector" for FDCPA purposes if the debt it was collecting was not in default when the defendant obtained the debt. *See e.g.*, *McWeay v. Citibank, N.A.*, 521 Fed. Appx. 784, 787 (11th Cir. 2013) (holding that mortgage loan servicer was not debt collector within meaning of FDCPA); *Brown v. Federal Nat. Mortgage Ass'n*, 2011 WL 1134716, at *7 (N.D. Ga. Feb. 28, 2011) ("It is well established that the FDCPA applies only to 'debt collectors' and not to creditors or mortgage servicers.); *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1374 (M.D. Ga. 2011) ("It is well-established that mortgage servicers do not fall within the definition of debt collector."); *see also Barksdale v. Green Tree Servicing LLC*, 2014 WL 7205009 (E.D. Mich. Dec. 17, 2014) (holding that because Green Tree serviced the plaintiff's loan prior to default, the FDCPA is inapplicable). Here, the undisputed facts show that CMI is not a debt collector as defined by the FDCPA because it is attempting to collect its own debt, and the Loan was not in default at the time CMI began servicing the Loan in 2003.

First, the undisputed facts, including the Loan documents, clearly demonstrate that CMI is a creditor seeking to collect its own debt. MERS assigned the Security Deed to CMI in 2013, and as discussed above in Section B, any challenge by Plaintiff to the validity of the Assignment fails as a matter of law. (SMF ¶ 4.) Under well-settled Georgia law, as the assignee, CMI is the party authorized to enforce the Security Deed. *See You, et al. v. JP Morgan Chase Bank, N.A.*, 293 Ga. 67, 73 (2013) (explaining that "Georgia law governing the transfer of security deeds expressly provides that '[t]ransfers of deeds to secure debt . . . shall be sufficient to transfer the property therein described *and the indebtedness therein secured.*'" (emphasis supplied)); *see also* O.C.G.A. § 44-14-64 ("Transfers of deeds to secure debt . . . shall be sufficient to transfer the property therein described and the indebtedness therein secured, whether the indebtedness is evidenced by a note or other instrument or is an indebtedness which arises out of the terms or operation of the deed, together with the powers granted without specific mention thereof . . .").[2]

---

[2] While Plaintiff may argue that CMI is a debt collector seeking to collect the debt of another because another individual or entity has an ownership or investment interest in the Loan, this argument fails as a matter of fact and law. As an initial matter, CMI is the current owner of the Loan. (SMF ¶ 7.). Moreover, as the assignee of the Security Deed and holder of the Note, CMI is indisputably the creditor entitled to collect the debt pursuant to the case law and authority discussed above. Moreover, under the Georgia Commercial Code and the U.C.C., whether

13

Further, in addition to being assigned the Security Deed, CMI is also the holder of the Note. Homestar specifically endorsed the Note to CMI, and CMI remains in possession of the original Note. (SMF ¶¶ 5-6.) Therefore, under the Georgia Commercial Code, CMI is the holder of the Note and authorized to enforce and collect the Note. *See* O.C.G.A. § 11-1-201 (providing that a promissory note can be transferred by negotiation, which requires transfer of possession of the note and endorsement of the note by the previous holder); O.C.G.A. § 11-3-301 (the holder of a note is entitled to enforce the note). Accordingly, there can be no dispute that CMI is a creditor seeking to collect its own debt in this case.

Moreover, CMI is not a default servicer subject to the FDCPA because CMI acquired the Loan for servicing before the Plaintiff defaulted on the Loan. Specifically, Plaintiff defaulted on the Loan in 2013, approximately ten years after CMI began servicing the Loan. (SMF ¶¶ 3, 8-9.)

---

another party may have a claim to an ownership interest in a promissory note is not relevant to whether the holder has authority to collect the amounts owed under the note. O.C.G.A. 11-3-301 ("A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument. . . ."); U.C.C. § 3-203 cmt. 1 ("The right to enforce an instrument and ownership of the instrument are two different concepts.").

Finally, this Court has previously held that CMI is not a debt collector subject to the FDCPA in other cases presenting similar facts. *See, e.g.*, *Malone v. CitiMortgage, Inc.*, Civ. Act. No. 12-002350-TWT-GGB, 2012 U.S. Dist. LEXIS 168791, at *4 (N.D. Ga. Oct. 15, 2012) ("In any event, the FDCPA does not apply to a creditor such as CitiMortgage that is seeking to collect its own debt."); *Ferguson v. CitiMortgage, Inc.*, 2013 U.S. Dist. LEXIS 185152, at *21 (N.D. Ga. Jan. 8, 2013) ("The facts alleged refute the notion that CitiMortgage (or its predecessor, Principal) is a debt collector under the terms of the FDCPA or that it engaged in debt collection activity that allegedly violated the statute. The record establishes that CitiMortgage possessed the security interest in Plaintiff's property."); *see also Duncan v. CitiMortgage, Inc.*, 2013 U.S. Dist. LEXIS 183623, at *34-*37 (N.D. Ga. Dec. 20, 2013); *Gass v. CitiMortgage, Inc.*, 2012 U.S. Dist. LEXIS 114457, at *42-*52 (N.D. Ga. June 25, 2012); *Jones v. CitiMortgage, Inc.*, 2014 U.S. Dist. LEXIS 134725, at *8-*9 (S.D. Ga. Sept. 24, 2014); *Boakye-Dankwa & Moore v. CitiMortgage, Inc.*, 1:15-cv-00352-RWS (N.D. Ga. Sept. 11, 2015); *Jackson v. CitiMortgage, Inc. et al.*, 1:13-cv-1372-JEC-GGB (N.D. Ga. Feb. 10, 2014).

Because the undisputed facts show that CMI is not a debt collector under the FDCPA, the FDCPA does not apply to CMI. CMI is therefore entitled to summary judgment as a matter of law with respect to Plaintiff's FDCPA claim.

**D.  Plaintiff's TCPA Claim Fails Because CMI Did Not Use an Automatic Dialer System to Call Plaintiff on His Cellular Phone.**

Finally, CMI is entitled to summary judgment as a matter of law with respect to Plaintiff's TCPA claim because the undisputed facts show that CMI did not place any calls to Plaintiff's cellular phone using an automatic dialer system. The use of an automatic dialer system is a prerequisite to liability under the TCPA and an issue on which Plaintiff bears the burden of proof. *See, e.g.*, *Coniglio v. Bank of Am., N.A.*, 2016 WL 413149, at *1, n.1 (11th Cir. Feb. 3, 2016) (citing 47 U.S.C. § 227(b)(1) (2012)); *Walker v. Transworld Sys., Inc.*, 2015 WL 631390, at *2 (M.D. Fla. Feb. 13, 2015).

Here, the undisputed record before the Court demonstrates that CMI did not use an automatic dialer system to contact Plaintiff on his cellular telephone. With respect to the two specific calls Plaintiff alleges he received on May 15 and May 21, 2015, both of these calls were manually dialed by a CMI employee. (SMF ¶¶ 12-13.)

Accordingly, Plaintiff cannot meet his burden to prove that CMI used an auto-dialer system to call his cellular phone. Because Plaintiff cannot prove this

16

necessary and fundamental element of his TCPA claim, CMI is entitled to summary judgment as a matter of law.

**CONCLUSION**

The undisputed record proffered in support of CMI's Motion for Summary Judgment conclusively establishes that (1) Plaintiff's quiet title claim fails because he lacks standing to challenge the validity of the Assignment of the Loan, (2) CMI is not a debt collector as defined by the FDCPA, and (3) CMI did not place any automatic telephone dialer system calls to Plaintiff's cellular phone in 2015 in violation of the TCPA. Accordingly, each of Plaintiff's claims fails as a matter of law, and CMI's Motion for Summary Judgment should be granted.

Dated this 7th day of July, 2016.

/s/ *Sarah T. Reise*
Stefanie H. Jackman, GA Bar No. 335652
jackmans@ballardspahr.com
Sarah T. Reise, GA Bar No.181567
reises@ballardspahr.com
Natasha Alladina, GA Bar 415234
alladinan@ballardspahr.com
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-5915
Telephone (404) 678-9300
Facsimile: (404) 678-9301

*Counsel for Defendant CitiMortgage, Inc.*

## **CERTIFICATE OF COMPLIANCE WITH LR 5.1(B), N.D.Ga.**

Pursuant to LR 7.1(D), N.D. Ga., I hereby certify that the foregoing has been prepared using one of the fonts and point selections approved by the Court in LR 5.1(C), N.D. Ga. This document was prepared using Times New Roman, 14 pt. font.

Respectfully submitted, this 7th day of July, 2016.

                                              */s/ Sarah T. Reise*
                                              Sarah T. Reise, Esq.
                                              Georgia Bar No. 181567

                                              *Counsel for Defendant CitiMortgage, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a copy of this **DEFENDANT CITIMORTGAGE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, and upon the following party via U.S. Mail:

    Ricky R. Franklin, *pro se*
    708 Brambling Way
    Stockbridge, GA 30281

Dated: July 7, 2016                    /s/ *Sarah T. Reise*
                                            Sarah T. Reise
                                            GA Bar No. 181567

                                            *Counsel for Defendant CitiMortgage, Inc.*