# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| RICKY R. FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) NO. 1:15-CV-04396-LMM |
| | ) |
| CITIMORTGAGE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT CITIMORTGAGE, INC.'S RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant CitiMortgage, Inc. ("CMI"), pursuant to Local Rule 56.1(B)(3), respectfully submits its Response to Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts.

1.

CMI objects to the alleged fact of Homestar Mortgage Services, LLC's 2004 dissolution because it is not material. As set forth in CMI's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment, Plaintiff's loan was transferred to CMI in 2003, prior to Homestar's alleged dissolution. Dkt. 27-2, ¶ 3. CMI also objects to the alleged fact that Plaintiff never

"had" a loan with CMI as unsupported by the evidence in the record before the Court. As demonstrated by Plaintiff's own documents, CMI is the servicer of Plaintiff's Loan. (*See, e.g.*, Plaintiff's SMF ¶¶ 6-8; Plaintiff's Exh. B (default letter from CMI); Exh. C (Notice of Intent to Foreclose identifying CMI as servicer); Exh. E (letter from CMI to Plaintiff identifying CMI as servicer); Exh. G (letter from CMI to Plaintiff regarding loan servicing information, including a pay history).) CMI does not dispute the remaining facts asserted in ¶ 1.

2.

CMI objects to this alleged fact because it is not material. Plaintiff relies on this fact in an effort to demonstrate that CMI is a default servicer subject to the provisions of the Fair Debt Collection Practices Act. However, given that CMI began servicing the loan in 2003, Plaintiff's default approximately ten years later is irrelevant as a matter of law. Dkt. 27-2, ¶ 3; *accord Malone v. CitiMortgage, Inc.*, Civ. Act. No. 12-002350-TWT-GGB, 2012 U.S. Dist. LEXIS 168791, at *4 (N.D. Ga. Oct. 15, 2012) ("In any event, the FDCPA does not apply to a creditor such as CitiMortgage that is seeking to collect its own debt."); *Ferguson v. CitiMortgage, Inc.*, 2013 U.S. Dist. LEXIS 185152, at *21 (N.D. Ga. Jan. 8, 2013) ("The facts alleged refute the notion that CitiMortgage (or its predecessor, Principal) is a debt collector under the terms of the FDCPA or that it engaged in debt collection

activity that allegedly violated the statute. The record establishes that CitiMortgage possessed the security interest in Plaintiff's property."); *Davidson v. Cap. One Bank (USA), N.A.*, 44 F. Supp. 3d 1230, 1243 n. 16 (rejecting plaintiff's argument that servicer was a debt collector because his loan was securitized and owned by others because securitization of a loan is a separate contract, distinct from the debt obligations between the debtor and creditor or servicer).

3.

Undisputed. However, CMI objects to this alleged fact as immaterial to the extent the transfer of title to the security instrument is not a transfer of the defaulted loan. The assignment of the security deed was not a post-default transfer of the underlying debt, but merely a transfer of *title* in the security interest required under Georgia law before CMI could foreclose. *See* O.C.G.A. § 44-14-162(b) ("The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."). Therefore, the fact that MERS assigned the security deed to CMI after Plaintiff's default does not constitute a post-default transfer of debt under the FDCPA and is irrelevant.

4.

CMI objects to this alleged fact because the evidence relied upon by Plaintiff is inadmissible and does not support this fact. Specifically, the document relied upon by Plaintiff is an unauthenticated document containing hearsay that cannot be presented in a form that would be admissible in evidence. See Fed. R. Civ. P. 56 (c) (2) & (4). The document is a largely illegible screenshot of an unidentified webpage, and is not admissible. Moreover, the document appears to state as follows:

    Servicer:    CitiMortgage, Inc.
                           **O'Fallon, MO**

    **Investor:    Guarantor – Ginnie Mae**

Exh. E to Am. Compl. (emphasis in original). This document purports to state only that Ginnie Mae was, at the time of the document (which is unclear), the Guarantor and/or the investor in whatever loan is at issue in the webpage (which is also unclear). Georgia law is well-settled that whether another party may have a claim to an ownership interest in a promissory note is not relevant to whether the holder of a promissory note has authority to collect the amounts owed under the note. *See* O.C.G.A. § 11-1-201 (providing that a promissory note can be transferred by negotiation, which requires transfer of possession of the note and endorsement of the note by the previous holder); O.C.G.A. § 11-3-301 (the holder

4

of a note is entitled to enforce the note); O.C.G.A. 11-3-301 ("A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument. . . ."). Accordingly, the fact alleged is not supported by evidence.

5.

CMI objects to this alleged fact because the evidence relied upon by Plaintiff does not support this fact. The document generally describes the "Government Natl Mtg Assoc" as the "Holder." Exh. D to Plaintiff's Motion for Summary Judgment. The document does not state that "Government Natl Mtg Assoc" is the "Holder of the Note" as that term is defined under the Georgia Commercial Code. *See, e.g.*, O.C.G.A. § 11-1-201 (providing that a promissory note can be transferred by negotiation, which requires transfer of possession of the note and endorsement of the note by the previous holder).

6.

Undisputed.

7.

CMI does not dispute that Plaintiff sent CMI a letter on or about November 24, 2014. However, this fact is immaterial, as CMI is not a debt collector as defined by the Fair Debt Collection Practices Act. CMI has serviced Plaintiff's

Loan since 2003, shortly after Plaintiff entered into the Loan, and as such, CMI is not a debt collector. *Diaz v. First Marblehead Corp.*, No. 14-15797, 2016 U.S. App. LEXIS 3267, at *12-13 (11th Cir. Feb. 25, 2016) (loan servicer not a debt collector where it began servicing loan before borrower defaulted); *McWeay v. Citibank, N.A.*, 521 Fed. Appx. 784, 787 (11th Cir. 2013) (holding that mortgage loan servicer was not debt collector within meaning of FDCPA); *Brown v. Federal Nat. Mortgage Ass'n*, 2011 WL 1134716, at *7 (N.D. Ga. Feb. 28, 2011) ("It is well established that the FDCPA applies only to 'debt collectors' and not to creditors or mortgage servicers.); *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1374 (M.D. Ga. 2011) ("It is well-established that mortgage servicers do not fall within the definition of debt collector."); *see also Barksdale v. Green Tree Servicing LLC*, 2014 WL 7205009 (E.D. Mich. Dec. 17, 2014) (holding that because Green Tree serviced the plaintiff's loan prior to default, the FDCPA is inapplicable); *Malone v. CitiMortgage, Inc.*, Civ. Act. No. 12-002350-TWT-GGB, 2012 U.S. Dist. LEXIS 168791, at *4 (N.D. Ga. Oct. 15, 2012) ("In any event, the FDCPA does not apply to a creditor such as CitiMortgage that is seeking to collect its own debt."); *Ferguson v. CitiMortgage, Inc.*, 2013 U.S. Dist. LEXIS 185152, at *21 (N.D. Ga. Jan. 8, 2013) ("The facts alleged refute the notion that CitiMortgage (or its predecessor, Principal) is a debt collector under the terms

of the FDCPA or that it engaged in debt collection activity that allegedly violated the statute. The record establishes that CitiMortgage possessed the security interest in Plaintiff's property."); *see also Duncan v. CitiMortgage, Inc.*, 2013 U.S. Dist. LEXIS 183623, at *34-*37 (N.D. Ga. Dec. 20, 2013); *Gass v. CitiMortgage, Inc.*, 2012 U.S. Dist. LEXIS 114457, at *42-*52 (N.D. Ga. June 25, 2012); *Jones v. CitiMortgage, Inc.*, 2014 U.S. Dist. LEXIS 134725, at *8-*9 (S.D. Ga. Sept. 24, 2014); *Boakye-Dankwa & Moore v. CitiMortgage, Inc.*, 1:15-cv-00352-RWS (N.D. Ga. Sept. 11, 2015); *Jackson v. CitiMortgage, Inc. et al.*, 1:13-cv-1372-JEC-GGB (N.D. Ga. Feb. 10, 2014).

Accordingly, whether Plaintiff sent any notices to CMI purporting to exercise rights under the FDCPA is irrelevant.

8.

CMI objects to this alleged fact. While CMI does not dispute that it sent the referenced letter, to the extent Plaintiff contends that the form disclosure at the bottom of the letter is sufficient, alone, to classify CMI as a debt collector, such a contention is contrary to well settled law. Case law is clear that a servicer not otherwise within the ambit of the statutory definition of "debt collector" does not thereby become a debt collector simply by calling itself one or abiding by statutory requirements applicable to debt collectors. *See, e.g., Saint Vil v. Perimeter Mortg.*

*Funding Corp.*, 630 Fed. Appx. 928, 2015 U.S. App. LEXIS 18907, 2015 WL 6575814, *2 (11th Cir. 2015) ("The question in deciding whether a law firm acted as a debt collector is not simply what the firm called itself but rather whether the firm acted as a debt collector as that term is defined by the statute."); *Fenello v. Bank of America, NA*, 577 Fed. Appx. 899, 902 (11th Cir. Aug. 12, 2014) ("An entity cannot transform itself into a 'debt collector' within the meaning of the FDCPA simply by noting in a letter that it may be considered one under the Act.").

9.

CMI objects to this alleged fact because the evidence relied upon by Plaintiff is inadmissible and does not support this fact. First, the document attached to Plaintiff's Motion as Exhibit H is inadmissible hearsay offered for the proof of the matter asserted therein, *i.e.* that the alleged calls were made by CitiMortgage and were placed by an automatic telephone dialing system ("ATDS"). *See* Fed. R. Evid. 801(b) and 802. Nor does Plaintiff establish that this document falls within any of the hearsay exceptions set forth in Federal Rules of Evidence 803.

Additionally, Plaintiff lacks personal knowledge and is unqualified to testify or otherwise assert that the alleged calls were made with an ATDS. Under Federal Rule of Evidence 602, a witness must have personal knowledge of the matters about which he is testifying. *See also Vondriska v. Cugno*, 368 Fed. Appx. 7, 8-9

(11th Cir. 2010). Plaintiff has no personal knowledge regarding how CMI placed calls to his account.

Finally, CMI's business records, including the customer service notes identifying calls made to Plaintiff, demonstrate that CMI manually placed calls to Plaintiff. CMI does not dispute that it called Plaintiff on May 15, 2015, May 21, 2015, June 25, 2015, October 13, 2015, October 21, 2015, and November 2, 2015. (Dauster-Adams Opp. Dec. ¶¶ 4-7, 10-15.) However, each of these calls was manually dialed. (*Id.*) With respect to the other calls alleged in Plaintiff's Declaration, CMI **did not** call Plaintiff at all on July 7, 2015, July 10, 2015, July 14, 2015, July 21, 2015, October 4, 2015, October 11, 2015, November 11, 2015, or November 12, 2015. (Dauster-Adams Opp. Dec. ¶¶ 8-9; 16.)

10.

CMI objects to this alleged fact because it is an improper legal conclusion regarding the nature of Plaintiff's title to the Property at issue in this case, and the priority of that interest pursuant to the purported "Land Grant." *See* N.D. Ga. L.R. 56.1(B)(1)(c) ("The court will not consider any fact: . . . stated as an issue or legal conclusion.").

Dated this 8th day of August, 2016.

/s/ *Sarah T. Reise*
Stefanie H. Jackman, GA Bar No. 335652
jackmans@ballardspahr.com
Sarah T. Reise, GA Bar No.181567
reises@ballardspahr.com
Natasha Alladina, GA Bar 415234
alladinan@ballardspahr.com
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA  30309-5915
Telephone (404) 678-9300
Facsimile: (404) 678-9301

*Counsel for Defendant CitiMortgage, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a copy of this **DEFENDANT CITIMORTGAGE, INC.'S RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, and upon the following party via U.S. Mail:

Ricky R. Franklin, *pro se*
708 Brambling Way
Stockbridge, GA 30281

Dated: August 8, 2016                     /s/ *Sarah T. Reise*
                                          Sarah T. Reise
                                          GA Bar No. 181567

                                          *Counsel for Defendant CitiMortgage, Inc.*