IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) NO. 1:15-CV-04396-LMM |
| | ) |
| CITIMORTGAGE, INC., | ) |
| | ) |
| Defendant. | ) |

# DEFENDANT CITIMORTGAGE, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant CitiMortgage, Inc. ("CMI") respectfully submits this reply in support of its Motion for Summary Judgment, and states as follows:

## INTRODUCTION

In this action, Plaintiff seeks to quiet title as against CMI with regard to real property located at 708 Brambling Way, Stockbridge, Georgia 30281 (the "Property"), based on Plaintiff's contention that he has superior title to the Property by virtue of a "land grant" recorded in or about 1821. He also asserts claims against CMI for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"). As set forth

in CMI's Motion for Summary Judgment, there is no dispute of material fact, and Plaintiff's claims all fail as a matter of law. This is particularly so, given that in his opposition to CMI's Motion, Plaintiff primarily relies on legal arguments that are contrary to well-settled law, and asserts disputes of fact that are neither material nor legally relevant.

For example, in support of his claim to quiet title, Plaintiff contends that because he allegedly has superior title as a result of the 1821 land grant, and notwithstanding his admission that he entered into the mortgage loan secured by the Property in 2003, the land grant invalidates the assignment of the security deed to CMI. Plaintiff also argues that the assignment is invalid because the original grantee of the security deed did not also hold the promissory note at the time of the assignment to CMI. These arguments lack merit. First, Plaintiff's contention that he has superior and permanent title to the Property as a result of a purported land grant is unsupported and contrary to well-settled Georgia law. Plaintiff did not purchase the Property until 2003, and he fails to explain how he could have superior title as the result of a document executed nearly 200 years before he purchased any interest in the Property. Moreover, Plaintiff subordinated his interest and title when he freely granted a valid security interest in the Property to secure his mortgage loan (a loan Plaintiff admits he entered into). Second, with

2

respect to Plaintiff's challenge to the validity of the assignment of the security deed, under well-settled Georgia law, Plaintiff lacks standing to challenge the validity of the assignment as a matter of law because he was not a party to the assignment. Third, Plaintiff's argument that the assignment is invalid because the grantee of the security deed did not hold both the security deed and the promissory note, *i.e.* because the note and deed were "split" at the time of the assignment, relies on a repeatedly discredited legal argument.

Further, in support of his FDCPA claim, Plaintiff argues that CMI was a debt collector because , while CMI currently owns Plaintiff's Loan, CMI was not always the investor or owner. Plaintiff confuses the distinction between a servicer who holds the right to collect on and enforce the loan documents, which CMI has always been, with an owner or investor in the underlying loan. Under the FDCPA, a servicer collecting a mortgage loan on its own behalf is not a debt collector, regardless of whether some other entity also owns an interest in the loan. Second, Plaintiff argues that CMI sought to collect the loan using a false name. This argument is without merit because, as the documents in the record demonstrate, CMI always acted in its own name at all times when corresponding with Plaintiff about his loan. Accordingly, as a matter of law, CMI is not a debt collector subject to the FDCPA.

Finally, Plaintiff attempts to introduce evidence that CMI used an automatic telephone dialing system ("ATDS") to call him in support of his TCPA claim. However, as demonstrated by CMI in its declarations provided in support of its Motion for Summary Judgment and in opposition to Plaintiff's Motion for Summary Judgment, CMI manually dialed all calls challenged by Plaintiff, which were placed to his cell phone. Moreover, Plaintiff's testimony, via his own declaration, that concludes CMI used an ATDS is inadmissible because Plaintiff lacks personal knowledge and is not competent to testify regarding how CMI placed calls to him. Because CMI manually placed the calls to Plaintiff, and Plaintiff failed to raise any genuine issue of material fact to the contrary, Plaintiff cannot establish a necessary element of his TCPA claim.

For these reasons, the Court should grant summary judgment in favor of CMI as to all of Plaintiff's claims.

## ARGUMENT

A. **Plaintiff's Objections to the Admissibility of the Copy of the Original, Endorsed Promissory Note Should be Overruled.**

As an initial matter, Plaintiff argues that the copy of the endorsed Note, which CMI attached as Exhibit 1 to the Declaration of Barbara Dauster-Adams in support of CMI's Motion for Summary Judgment (the "Dauster-Adams Dec."), is inadmissible. Specifically, Plaintiff argues that it is unauthenticated, not the best

evidence, and a hearing should be held to determine if CMI has possession of the original Note. Plaintiff's objections should be overruled for several reasons.

First, neither Georgia law nor the Federal Rules of Evidence require the production of the original Note. *Bacon v. Decatur Fed. Savings & Loan Ass'n*, 169 Ga. App. 538 (1984) (stating that best-evidence rule is inapplicable in connection with admission of copies of original notes and security deeds; production of originals not required); Fed. R. Evid. 1003 ("A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate.").

Second, CMI has authenticated the copy of the original endorsed Note through Ms. Dauster-Adams' testimony. (Dauster-Adams Dec. at ¶¶ 2 (attesting that declarant has personal knowledge of the records attached to the declaration related to Plaintiff's Loan); *id.* at ¶ 4 (identifying the Note attached as Exhibit 1 to the Declaration as a true and correct copy of the Note evidencing Plaintiff's Loan); *id.* at ¶ 9 (attesting that CMI is in possession of the original Note).

Third, in order to create an issue of fact regarding whether CMI holds the original Note, Plaintiff is required to proffer some evidence to raise a genuine question regarding whether CMI holds the original. *See* Fed. R. Evid. 1003 (requiring production of original document instead of duplicate where "a genuine

5

question is raised as to the authenticity of the original"). Plaintiff has not done so, as the only evidence in the record is Ms. Dauster-Adams' declaration stating under penalty of perjury that CMI has possession of the original, endorsed Note and that Exhibit 1 to Ms. Dauster-Adams' declaration was a true and correct copy of that original document. *See Branch Banking & Trust Co. v. Cherry-Avant Plantation, LLC*, No. 5:12-CV-314, 2013 U.S. Dist. LEXIS 102538, at * (M.D. Ga., Jul. 23, 2013) (holding that uncontroverted testimony by bank employee that bank was in possession of the original promissory note sufficient to establish at summary judgment that bank was in possession of same).

Therefore, Plaintiff's objections to the admissibility of CMI's Exhibit 1 should be overruled.

**B.    CMI Is Entitled to Summary Judgment as a Matter of Law with Respect to Plaintiff's Quiet Title Claim.**

As demonstrated in CMI's Motion for Summary Judgment, there is no dispute that CMI has valid security interest in the Property, and therefore, is entitled to summary judgment with respect to Plaintiff's quiet title claim. Dkt. # 27-1, at 7-11. In his opposition brief, Plaintiff asserts three arguments, each of which fails as a matter of law.

First, Plaintiff contends that he has superior title to the Property pursuant to an 1821 "Land Grant." In fact, Plaintiff contends that the Land Grant conveys and

assigns title to him **forever**. Plaintiff's Opp. Brief at 4, 6. This argument is meritless. As an initial matter, the purported "Land Grant" proffered in support of this claim is largely illegible. (Plaintiff's Exh. A to Opp. Brief.) More importantly, Plaintiff fails to provide any explanation for his assertion that the "Land Grant", allegedly executed nearly 200 years ago, somehow gives him superior and permanent title to the Property now. *See* Plaintiff's Opp. Brief at 4. Rather, Plaintiff admits that he did not even purchase the Property until 2003. (Plaintiff's Statement of Undisputed Material Facts in Support of his Motion for Summary Judgment ("Plaintiff's SMF"), Dkt. # 30 at ¶ 1.)

Moreover, as Plaintiff tacitly acknowledges in admitting that he purchased the Property in 2003, his rights in the Property are alienable. *See, e.g.*, *Dyer v. Dyer*, 275 Ga. 339, 341 (2002) ("It is the policy of the law to encourage free alienability of property . . . ."). Nothing in the law or in the Land Grant prohibits Plaintiff from granting a security interest in the Property. Therefore, Plaintiff's contention that the security interest **he admits he granted** by executing the Security Deed is invalidated by the 1821 "Land Grant" has no basis in law or fact. (*See* Plaintiff's SMF at ¶ 1.)

Second, Plaintiff challenges the validity of the Assignment of the Security Deed. Plaintiff's Opp. Brief at 7-8. However, Georgia law is clear that only a

party to an assignment has standing to challenge the assignment. *See e.g., Shannon v. Albertelli Firm, P.C.*, 610 Fed. Appx. 866, 872-873 (11th Cir. May 7, 2015), *Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1171 (11th Cir. 2011); *Montgomery v. Bank of Am.*, 321 Ga. 343, 346 (2013); *Dominic v. Eurocar Classics*, 310 Ga. App. 825, 828 (2011). Here, it is evident from the face of the Assignment itself that Plaintiff was not a party to the Assignment. (Plaintiff's Exh. C to his Motion for Summary Judgment, Dkt. # 29 at 19.) Therefore, Plaintiff lacks standing to challenge the validity of the Assignment as a matter of law.

To the extent Plaintiff relies on *Johnson v. Bank of Am., N.A.*, 333 Ga. App. 539, 542 (2015) for the proposition that "[a] plaintiff in a quiet title action need not be a party to possible clouds upon title in order to bring a quiet title action in an attempt to remove those clouds," *Johnson* is inapposite. *Johnson* concerned pleading standards and whether a complaint may be properly dismissed based on a lack of standing under the Georgia Quiet Title Act. In his opposition, Plaintiff disagrees that *Johnson* is limited in application to the question of pleading standards. However, even if Plaintiff did have standing to challenge the Assignment as a cloud on title (which he does not because he was not a party to the Assignment), Plaintiff's challenge fails because the undisputed record before the Court demonstrates that the Assignment is not a cloud on title. Plaintiff admits he

entered into the Loan and that he defaulted on the Loan, and the uncontroverted evidenced proffered by CMI establishes that CMI is the loan servicer and holder of the Note and the assignee of the Security Deed. (*See* Plaintiff's SMF ¶ 1; CMI's SMF ¶¶ 4-7.) Plaintiff proffers no evidence to the contrary to demonstrate that the Loan is invalid or has been repaid so as to release CMI's Security Deed. *See generally* Plaintiff's Opp. Brief. Therefore, CMI's interest in the Property is indisputably valid and Plaintiff's quiet title claim fails for this reason as well.

Finally, Plaintiff appears to argue that the Assignment is invalid because the grantee of the Security Deed, MERS, as nominee for Homestar, the originating lender, and Homestar's successors and assigns, did not also hold the Note at the time MERS executed the Assignment. However, this argument, which is that the Note and Security Deed were "split," has been soundly rejected by Georgia courts. *See, e.g., McDonald-Forte v. Merrill Lynch Mortg. Investors Trust*, Civ. Act. No. 1: 14-cv-1660-WSD, 2015 U.S. Dist. LEXIS 108936 (N.D. Ga., Aug. 18, 2015) (citing *You v. JP Morgan Chase Bank*, 293 Ga. 67, 743 S.E.2d 428, 431-433 (Ga. 2013) ("splitting" ownership of a note from ownership of a deed not expressly prohibited under Georgia law)). For these reasons, CMI is entitled to summary judgment on Plaintiff's quiet title claim.

## C. Plaintiff's FDCPA Claim Fails Because CMI Is Not a Debt Collector.

In support of his FDCPA claim, Plaintiff argues that CMI is a debt collector because it serviced his Loan on behalf of an investor or owner. Plaintiff's Opp. Brief at 9. Plaintiff also argues that CMI used a false name when attempting to collect the Loan. *Id.* at 10. However, CMI is not a debt collector, and therefore, the FDCPA is not applicable. *Birster v. American Home Mortg. Servicing, Inc.*, 481 Fed. Appx. 579, 582 (11th Cir. July 18, 2012) ("whether an individual or entity is a 'debt collector' is determinative of liability under the FDCPA"); *Madura v. Lakebridge Condo. Ass'n Inc.*, 382 Fed. Appx. 862, 864 (11th Cir. 2010) (explaining that defendant "was not subject to the FDCPA because it was no debt collector"); *Davidson v. Capital One Bank (USA), N.A.*, 44 F. Supp. 3d 1230, 1236 (N.D. Ga. 2014) ("the FDCPA applies only to debt collectors whose conduct involves the collection of a debt") (internal quotations omitted).

CMI is a loan servicer, not a debt collector.[1] (CMI's SMF ¶¶ 3, 8-9.) While Plaintiff argues that the ***owner*** of his Loan was not CMI, but instead either Ginnie

---

[1] Moreover, to the extent Plaintiff may allege that CMI is debt collector under the FDCPA because it is a default servicer, this position lacks merit. As set forth in CMI's opening brief in support of its Motion for Summary Judgment and in its opposition to Plaintiff's Motion for Summary Judgment, CMI began servicing Plaintiff's Loan in 2003, shortly after origination and before Plaintiff defaulted on the Loan. *See* Dkt. # 27-1 at pgs. 12, 14; Dkt. 34 at pgs. 13, 16-17.

Mae or an entity named "CMI GNMA REPROCH HOLD PORT," that fact also does not make CMI a debt collector. *See* Plaintiff's Opp. Brief at 9. The Eleventh Circuit recently touched upon this issue in *Diaz v. First Marblehead Corp.* No. 14-15797, 2016 U.S. App. LEXIS 3267, at *12-13 (11th Cir. Feb. 25, 2016). In *Diaz*, the Eleventh Circuit held that a loan servicer was not a debt collector where it was collecting a debt it serviced, notwithstanding the fact that the ownership of the loan changed several times over a three-year period. *Diaz v. First Marblehead Corp.*, No. 14-15797, 2016 U.S. App. LEXIS 3267, at *12-13 (11th Cir. Feb. 25, 2016). Therefore, the fact that another entity may have owned an interest in the Loan does not transform CMI, the servicer since 2003 and the holder of the Note, into a debt collector. As the loan servicer that held the Note and was the assignee of Homestar, CMI is a creditor entitled to collect the Loan. *See, e.g.*, *Malone v. CitiMortgage, Inc.*, Civ. Act. No. 12-002350-TWT-GGB, 2012 U.S. Dist. LEXIS 168791, at *4 (N.D. Ga. Oct. 15, 2012) ("In any event, the FDCPA does not apply to a creditor such as CitiMortgage that is seeking to collect its own debt."); *Ferguson v. CitiMortgage, Inc.*, 2013 U.S. Dist. LEXIS 185152, at *21 (N.D. Ga. Jan. 8, 2013) ("The facts alleged refute the notion that CitiMortgage (or its predecessor, Principal) is a debt collector under the terms of the FDCPA or that it engaged in debt collection activity that allegedly violated the statute. The record

establishes that CitiMortgage possessed the security interest in Plaintiff's property."); *see also Davidson*, 44 F. Supp. 3d at 1243 n. 16 (rejecting plaintiff's argument that servicer was a debt collector because his loan was securitized and owned by others because securitization of a loan is a separate contract, distinct from the debt obligations between the debtor and creditor or servicer); *Duncan v. CitiMortgage, Inc.*, 2013 U.S. Dist. LEXIS 183623, at \*34-\*37 (N.D. Ga. Dec. 20, 2013); *Gass v. CitiMortgage, Inc.*, 2012 U.S. Dist. LEXIS 114457, at \*42-\*52 (N.D. Ga. June 25, 2012); *Jones v. CitiMortgage, Inc.*, 2014 U.S. Dist. LEXIS 134725, at \*8-\*9 (S.D. Ga. Sept. 24, 2014); *Boakye-Dankwa & Moore v. CitiMortgage, Inc.*, 1:15-cv-00352-RWS (N.D. Ga. Sept. 11, 2015); *Jackson v. CitiMortgage, Inc. et al.*, 1:13-cv-1372-JEC-GGB (N.D. Ga. Feb. 10, 2014).

Second, Plaintiff argues that CMI is a debt collector because it allegedly used a false name to collect the Loan. Plaintiff's Opp. Brief at 10. However, Plaintiff fails to identify what false name CMI allegedly used. *See generally* Motion. Moreover, all of the communications in the record before the Court demonstrate that CMI acted at all times in its own name. (*See, e.g.*, Plaintiff's SMF, Dkt. #30 at ¶¶ 6-8; Exh. B to Plaintiff's Motion for Summary Judgment, Dkt. #29-1 (default letter from CMI); Exh. C to Plaintiff's Motion for Summary Judgment, Dkt. #29-1 (Notice of Intent to Foreclose identifying CMI as servicer);

Exh. D to Plaintiff's Declaration in Opp. to CMI's Motion, Dkt. #31 (letter from CMI to Plaintiff identifying CMI as servicer); Exh. G to Plaintiff's Motion for Summary Judgment, Dkt. #29-1 (letter from CMI to Plaintiff regarding loan servicing information, including a pay history).) There is no admissible evidence in the record to support this claim.

Because the undisputed facts show that CMI is not a debt collector under the FDCPA as a matter of law, CMI's Motion for Summary Judgment should be granted.

### D. **Plaintiff's TCPA Claim Fails Because CMI Manually Placed Calls to Plaintiff.**

Finally, with respect to Plaintiff's TCPA claim, CMI is entitled to summary judgment as a matter of law because Plaintiff fails to proffer competent, admissible evidence sufficient to create an issue of material fact regarding whether CMI made any calls to his cell phone using an ATDS without his consent. The use of an ATDS is a prerequisite to liability under the TCPA and an issue on which Plaintiff bears the burden of proof. *See, e.g.*, *Coniglio v. Bank of Am., N.A.*, 2016 WL 413149, at *1, n.1 (11th Cir. Feb. 3, 2016) (citing 47 U.S.C. § 227(b)(1) (2012)); *Walker v. Transworld Sys., Inc.*, 2015 WL 631390, at *2 (M.D. Fla. Feb. 13, 2015).

Plaintiff alleges that CMI contacted him on his cellular telephone on the following dates using an ATDS: May 15, 2015; May 21, 2015; June 25, 2015; July 7, 2015; July 10, 2015; July 14, 2015; July 21, 2015; October 4, 2015; October 11, 2015; October 13, 2015; October 21, 2015; November 2, 2015; November 11, 2015; and November 12, 2015. (Plaintiff's Dec., Dkt. #31 ¶¶ 5-6.)

As an initial matter, Plaintiff's conclusion that these calls were dialed using an ATDS is wholly speculative because Plaintiff lacks any personal knowledge regarding how CMI made these calls. (*See* Plaintiff's SMF, Dkt. #30 and Plaintiff's Dec., Dkt. # 31.) "In order to support a motion for summary judgment under Rule 56(e), testimony must be sworn, competent and on personal knowledge, and set out facts that would be admissible in evidence at trial." *Vondriska v. Cugno*, 368 Fed. Appx. 7, 8-9 (11th Cir. 2010). Plaintiff is not a CMI employee, was not involved in placing these calls, and has not otherwise offered any competent evidence to show how he is able to determine that CMI placed these calls using an ATDS.

And nor could Plaintiff offer such evidence because none of the calls Plaintiff alleged CMI made were made using an ATDS. Specifically, CMI's business records, including its account notes and which are competent evidence, demonstrate that of the calls alleged, CMI **did not** call Plaintiff at all on July 7,

2015, July 10, 2015, July 14, 2015, July 21, 2015, October 4, 2015, October 11, 2015, November 11, 2015, or November 12, 2015. (Declaration of Barbara Dauster-Adams in Opp. to Plaintiff's Motion for Summary Judgment ("Dauster-Adams Opp. Dec.") ¶¶ 8-9; 16.) Further, as to the remaining calls, CMI does not dispute that it called Plaintiff on May 15, 2015, May 21, 2015, June 25, 2015, October 13, 2015, October 21, 2015, and November 2, 2015. (*Id.* at ¶¶ 4-7, 10-15.) However, CMI manually dialed Plaintiff's cell phone when placing each of these calls. (*Id.*)

In light of CMI's business records and the lack of competent evidence offered by Plaintiff, Plaintiff fails to raise an issue of material fact regarding whether CMI called his cell phone using an ATDS to call his cellular phone. Therefore, CMI is entitled to summary judgment as a matter of law.

## CONCLUSION

Plaintiff's opposition to CMI's Motion for Summary Judgment fails to identify a dispute of material fact or and relies on invalid legal arguments. Therefore, for the reasons set forth above and in CMI's Motion for Summary Judgment, CMI is entitled to summary judgment as to all of Plaintiff's claims under well-settled Georgia law.

Dated this 11th day of August, 2016.

/s/ *Sarah T. Reise*
Stefanie H. Jackman, GA Bar No. 335652
jackmans@ballardspahr.com
Sarah T. Reise, GA Bar No.181567
reises@ballardspahr.com
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA  30309-5915
Telephone (404) 678-9300
Facsimile: (404) 678-9301

*Counsel for Defendant CitiMortgage, Inc.*

## **CERTIFICATE OF COMPLIANCE WITH LR 5.1(B), N.D.Ga.**

Pursuant to LR 7.1(D), N.D. Ga., I hereby certify that the foregoing has been prepared using one of the fonts and point selections approved by the Court in LR 5.1(C), N.D. Ga. This document was prepared using Times New Roman, 14 pt. font.

Respectfully submitted, this 11th day of August, 2016.

*/s/ Sarah T. Reise*
Sarah T. Reise, Esq.
Georgia Bar No. 181567

*Counsel for Defendant CitiMortgage, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a copy of this **DEFENDANT CITIMORTGAGE, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, and upon the following party via U.S. Mail:

Ricky R. Franklin, *pro se*
708 Brambling Way
Stockbridge, GA 30281

Dated: August 11, 2016               /s/ *Sarah T. Reise*
                                     Sarah T. Reise
                                     GA Bar No. 181567

                                     *Counsel for Defendant CitiMortgage, Inc.*