IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 19 2016

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

| | |
|---|---|
| RICKY R. FRANKLIN ) | Civil Action No: |
| ) | **1:15-CV-04396-LMM** |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| CITIMORTGAGE, INC ) | |

Defendant

### PLAINTIFF'S OBJECTIONS TO MAGISRATE JUDGE'S REPORT AND RECOMMENDATION AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, Ricky R. Franklin, hereby objects to the Magistrate's Judge Report and Recommendation (R&R) (Doc. 40) filed September 8, 2016. The Magistrate Judge erred on numerous application of laws that regulate this case. Plaintiff objects for the following reasons:

- The Magistrate ignored higher Courts case law

- The Magistrate Judge did not apply the Erie Doctrine of State law rulings

- The Magistrate Judge ignored how transfers of property are conducted in Georgia

- The Magistrate essentially adopted all of the Defendants argument

- No Court of Law can avoid or set aside a Land Grant

1

RELEVANT BACKGROUND

On September 8, 2016 the Magistrate Judge issued the Report. It dismissed Plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA) and part of the Plaintiff's Telephone Consumer Protection Act (TCPA) claims. The Report also ruled that the Plaintiff's Quiet title claim fails, because any title held by the Plaintiff was subordinate to the title of Security deed held by the Defendant.

## I. STATEMENT OF FACTS

The Court ruled that Plaintiff's Statement of Additional Facts #3 (PSAF 3) is not supported by the record...which states that: Defendant CMI took over the debt in June 2013, after the debt was in default from May 3, 2013. PSAF 3 is supported by Plaintiff's Exhibit 3, (Assignment) which shows when the transfer took place. Additionally, the Court stated that PSAF #4 is excluded because it is a legal conclusion...which stated: Plaintiff if the rightful owner of a valid Legal "Land Grant/Patent". This Land Grant has been on public record and is filed in the Superior Court of Henry County. PSAF #4 is authenticated by the state archives of Georgia and has been made public since May 29, 2014. BK 13587, PG 216-227...and therefore should not be considered a legal conclusion. (Plain Aff, ¶ 7) The instrument is validated by the Archives Director and reads:

I, Christopher M. Davidson , J.D., Director of The Georgia Archives, do hereby certify that the one page document hereto attached and made part of this certificate is a true and correct copy of page 1 of 1821 Land Lottery Henry County Register of Grants, showing Henry County, District 12, Land Lot 5, and I further certify that the described grant book is on file and of official record in the Archives of the State of Georgia. (Plain Mem of Law, Exhibit I, p1, Amend Comp Exhibit A5)

### A. Plaintiffs Quiet Title Claim

The Court ruled that Plaintiff's Quiet Title Claim fails at law and no reasonable jury could find that he owns the property free and clear (Order, p 14, line 6). Plaintiff is prejudiced by this Court, as neither party addressed the legal consideration used to convey the Land Grant.

The Magistrate also ruled that any title held by the Plaintiff is subordinate title to the Security Deed of CMI. This ruling by the Court is unprecedented and not supported by any laws that Defendant can show and goes against binding precedent concerning Land Grants/Patents. The Plaintiff has shown the Court, a plethora of U.S Supreme Court rulings that support his contention of a superior title to his land. As recently as 2014, the U. S. Supreme Court ruled in Marvin M. Brandt Revocable Trust v. United States 572 U.S. ___ (2014) and defined a Land Patent/Grant this way:

A land patent is an official document reflecting a grant that is made public, or "patent." The patent conveyed to the Brandts fee simple title to the land "with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto said claimants, their successors and assigns, forever." App. to Pet. for Cert. 76.

The Plaintiffs Fee-simple title was obtained by way of Plaintiff as Assignee to a said portion of Land Grant. This Grant is unimpeachable at law, except when it appears on its face to be void. Once perfect on its face, it is not to be avoided in a trial at law by anything other than an elder Grant. Hooper et al v Scheimer, 64 US. (23 how) 235 (1859) Citing...*A patent/grant for land is the highest evidence of title and is conclusive as against the government and all claiming under junior patents or titles [United States v. Stone, 2 US 525].*" "*The land patent is the highest evidence of title and is immune from collateral attack*" [*Raestle v. Whitson, 582p. 2d 170,172 (1978)*] "*that the patent carries the fee and is the best title known to a court of law is settled doctrine of this court,*" [*Marshall v. Ladd, 7 Wall. (74 U.S.) 106 (1869)*] *a patent is the highest evidence of title, and is conclusive against the government and all claiming under junior titles, until it is set aside or annulled by some judicial tribunal.*" [*Stone v. United States, 1 Well. (67 U.S. 765 (1865)*] "*the patent is the instrument which, under the laws of congress, passes title from the United States and the patent when regular on its ,face, is conclusive evidence of title in the patentee, when there is a confrontation between two parties as to the superior legal title, the patent is conclusive evidence as to ownership.*" [*Gibson v. Chauteau, 13 Wall 92 (1871)*] "*the patent is prima facie conclusive evidence of the title.*" [*Marsh v. Brooks, 49 U.S. 223,233 (1850)*] "*a patent, once issued, is the highest evidence of title, and is final determination of*

*the existence of all facts," [Walton v. United States, 415 f2d 121,123 (10th cir. (1969)] "state statutes that give less authoritative ownership of title than the patent can not even be brought into federal court." [Langdon V. Sherwood, 124 U.S. 74,81 (1887)]*

### 1. The Magistrate did not follow the laws of the State

This case is one of diversity jurisdiction, so the Court must look to the laws of the state to decide this case. *See… Semtek Intl. Inc. v Lockheed Martin Corp., 531 U.S. 497, 508 (121 SCt 1021, 149)* The highest Court to rule on a Quiet Title Action against all the world (O.C.G.A. 23-3-60 et seq.) is the Court of Appeals Of Georgia. See…Johnson v Bank Of America ( July 14, 2015,Civ. Action No. A15A0688, Ga Ct App) (Plain Rep, Exhibit B) (Finding that a Plaintiff in a quiet title action need not be a party to possible clouds in order bring a quiet title action in an attempt to remove those clouds. In Johnson, the Court further stated…that although Johnson was not a party to the assignments that he challenges does not destroy his standing to assert that those assignments are clouds upon his title. The Court case that the Magistrate uses in Montgomery v Bank of Am is from 2013 and not applicable to this case. For the foregoing reasons the Court should not adopt the Magistrates Report to dismiss Plaintiff's Quiet Title claims.

### B. Plaintiffs FDCPA Claim

5

The 11th circuit has defined the term 'creditor' as any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. 15 U.S.C. §1692a(4). Citing…Bourff v. Rubin Lublin, LLC, 674 F.3d 1238 (11th Cir. 2012)

Surprisingly, the Court accepted the Defendants version of when it became the servicer by accepting internal business records. It is disputed when Defendant CMI began servicing the debt. The assignment show June 2013…so how could CMI use internal business records to declare itself the servicer in 2003. Contrarily, this Court ruled that CMI could not declare itself a debt collector even though all communications to the Plaintiff indicated it as such.

Transfers of assignments in Georgia are governed by O.C.G.A § 44-2-6. Accordingly, transfers occur from the **date of the filing**. Defendant CMI was transferred the alleged debt in June 2013, after it sent the Plaintiff a default letter dated in May 2013. In Parks et al v STEPP et al No. S03G1007, March 22, 2004 the Georgia Supreme Court ruled that…Every bond for title, bond to reconvey realty, contract to sell or convey realty or any interest therein, and any and all transfers or assignments of realty shall be filed and recorded in the office of the clerk of the superior court of the county where the land referred to in the

instrument is located. The filing and recording shall, from the date of filing, be notice of the interest and equity of the holder of the instrument in the property described therein.

In referencing O.C.G.A § 44-2-6, the Georgia General Assembly only provided to make a transfer effective, on the date that a particular instrument is filed. Based on the plain language of the statute…Defendant CMI would be considered a debt collector under the FDCPA, because it became servicer after the loan was in default in 2013. In addition to when the servicing began, the Plaintiff plead that the Defendant CMI is a debt collector within the meaning of the FDCPA U.S.C. §1692a(6) as debt collection is part of its ordinary business practice and Defendant regularly collects debts on behalf of others. (Amend Comp, ¶ 9) For the foregoing reasons the Plaintiff's FDCPA claim should not be dismissed.

On August 24 2015, CMI sent the Plaintiff a letter identifying CMI GNMA REPROCH HOLD PORT as owners of the alleged debt. ) (Plaintiff Motion For Summary Judgment, Exhibit E)  This is a violation of § 1692a(6) as CMI communicated with the Plaintiff and listed another entity as being owners of the alleged debt. Even if the Defendant says that their collecting their own debt, this very violation puts them in Debt Collector status according to law.  Under § 1692a(6), the term "debt collector" includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate

7

that a third person is collecting or attempting to collect such debts". For the foregoing reasons the Court should not adopt the Magistrates Report to dismiss Plaintiff's FDCPA claims.

## B. Removal of Assignment

The Court also ruled that Plaintiff could not challenge the validity of the assignments. Plaintiff is not attempting to enforce or assert rights under a contract and therefore has not brought an action on a contract. *See generally Scott v. Cushman & Wakefield of Ga., 249. 264, 265 (547 SE2d 794) (2001).* As stated above, Plaintiff is not seeking actions brought on a contract, rather Plaintiff seeks to determine whether a recorded instrument is an improper cloud upon his title. The Court of Appeals ruled that a Plaintiff does have standing to remove any cloud upon his title, the assignment in this case should be removed and declared a cloud upon Plaintiff's title.

## C. Plaintiff's TCPA Claim

In correspondence with the Defendant, Plaintiff informed CMI to that "he wished to be contacted through U.S. mail only" (Amend Comp, 23). Without consent, Defendant contacted the Plaintiff through his cellular phone in violation of his consent revocation. Revocation of consent can be done orally or in writing. see *Osorio v State Farm, F.S.B.* no. 13-10951 (11th Cir. 2014).

The Court ruled that the Plaintiff has no personal knowledge of how the calls were made. In the contrary, Plaintiff answered several calls and was greeted by an automated system and not a human. (Plain Dec ¶4). Defendant states that calls were done manually, but Plaintiff refutes this argument because he answered numerous automated calls. For the foregoing reasons, none of the TCPA violations should be dismissed.

## II. CONCLUSION

Plaintiff has shown the Court why the Magistrates Report and Recommendation should not be adopted. Plaintiff conclusively establishes that (1) Plaintiff is exclusive title holder by way of Land Grant/Patent, (2) Defendant is a debt collector and through communication with the Plaintiff, identified itself as such to collecting on someone else's behalf, (3) Plaintiff received automated messages from the Defendant, as well as Plaintiff received automated calls to his cell phone in violation of the TCPA § 227(b). Accordingly, Plaintiff respectfully objects to the Magistrates Report and Order, and the Plaintiff's FDCPA claim, and Quiet Title claims should not be dismissed.

respectfully submitted,

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281
Phone:678.650.3733
rrfrank12@hotmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent via mail on September 16 , 2016 to Defendant's Counsel listed below:

BALLARD SPAHR LLP

STEFANIE H. JACKMAN

NATASHA ALLADINA

SARAH T. REISE

CITIMORTAGE INC

999 Peachtree Street, N.E.

Atlanta, Georgia 30309

**COUNSEL FOR DEFENDANT Citimortgage, Inc.**

Plaintiff, Pro-Se

*/s/ Ricky R. Franklin*

Ricky R. Franklin

708 Brambling Way

Stockbridge, GA 30281

