IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| RICKY R. FRANKLIN,<br><br>Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) NO. 1:15-CV-04396-LMM<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CITIMORTGAGE, INC.'S RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant CitiMortgage, Inc. ("CMI") respectfully submits this response to Plaintiff's Objection to the Magistrate Judge's Report and Recommendation on the parties' Motions for Summary Judgment [Dkt. 42].

**INTRODUCTION**

In his Report and Recommendation ("R&R") [Dkt. 40], Magistrate Judge Walter E. Johnson recommends that this Court grant summary judgment in favor of CMI with respect to Plaintiff's claims to quiet title to real property located at 708 Brambling Way, Stockbridge, Georgia 30281 (the "Property") and for violation of the Fair Debt Collection Practices Act ("FDCPA"). Magistrate

Johnson also recommends that summary judgment be granted in CMI's favor on Plaintiff's Telephone Consumer Protection Act ("TCPA") claim, to the extent this claim relies on allegations that CMI used an automatic telephone dialer system ("ATDS") to call Plaintiff. Magistrate Judge Johnson recommended that Plaintiff's TCPA claim based on the alleged delivery of a pre-recorded voice be permitted to proceed to trial, and Plaintiff does not object to this recommendation. Plaintiff objects to the remainder of the R&R by relying on the same flawed legal arguments he previously relied upon in his summary judgment briefing, and his objections should be overruled.

## FACTUAL BACKGROUND

Solely for the purpose of this Response brief, CMI refers to and incorporates the factual findings set forth in the R&R as if fully set forth herein. *See* R&R at 4-8.

## ARGUMENT AND CITATION TO AUTHORITY

A. <u>The Magistrate Judge Properly Recommends that Summary Judgment be Granted in Favor of CMI with Respect to Plaintiff's Quiet Title Claim.</u>

Plaintiff seeks to quiet title to the Property based on his contention that he has superior title to the Property by virtue of a "land grant" recorded in or about 1821. In support of his claim to quiet title, Plaintiff alleges that he has superior title as a result of the 1821 land grant, and that notwithstanding his admission that

he entered into the mortgage loan secured by the Property in 2003, the land grant invalidates the assignment of the security deed to CMI. In the R&R, Magistrate Judge Johnson found that, as a matter of law, Plaintiff subordinated his interest in the property by executing the security deed, and that the security deed was assigned to CMI, as the successor and assignee of the originating lender. R&R at 14. Magistrate Judge Johnson further found that Plaintiff lacked standing to challenge the validity of the assignment of the security deed because he is not a party to that document, and that in any event, Plaintiff defaulted on his mortgage loan and the debt has not been repaid. *Id.* at 14-15.

In his Objection, Plaintiff argues again that the Land Grant is an absolute and permanent grant of title to the property, and the interest granted by the Land Grant is superior to the security deed and the assignment, which makes the assignment to CMI a cloud on his title. Objection at 3-5. Plaintiff's contention that he has superior and permanent title to the Property as a result of the purported land grant is unsupported and contrary to well-settled Georgia law. Plaintiff did not purchase the Property until 2003, and he has yet to explain in any briefing before this Court how he could have superior title as the result of a document executed nearly 200 years before he purchased any interest in the Property. R&R at 4. Moreover, as Plaintiff tacitly acknowledges in admitting that he purchased

the Property in 2003, his rights in the Property are alienable. *See, e.g.*, *Dyer v. Dyer*, 275 Ga. 339, 341 (2002) ("It is the policy of the law to encourage free alienability of property . . . ."). Plaintiff continues to ignore that he subordinated his interest and title when he freely granted a valid security interest in the Property to secure his mortgage loan. (*See* Plaintiff's SMF at ¶ 1.)

Plaintiff also argues that the R&R ignores Georgia law in connection with its finding that Plaintiff lacks standing to challenge the validity of the Assignment of the Security Deed. Objection at 5. Plaintiff's argument relies on a single case: *Johnson v. Bank of Am., N.A.*, 333 Ga. App. 539, 542 (2015). Plaintiff contends that *Johnson* stands for the proposition that "[a] plaintiff in a quiet title action need not be a party to possible clouds upon title in order to bring a quiet title action in an attempt to remove those clouds." Objection at 5. *Johnson* is inapposite. *Johnson* concerned pleading standards and whether a complaint may be properly dismissed based on a lack of standing under the Georgia Quiet Title Act, particularly if the plaintiff alleges that he has paid off his loan, which is not the case here.

Indeed, the Georgia Supreme Court recently distinguished *Johnson* on identical grounds. In *Ames v. JP Morgan Chase Bank, N.A.*, 298 Ga. 732, 740 (2016), the Supreme Court held that the plaintiffs lacked standing to challenge the validity of an assignment. *Id.* ("But there is no evidence in this case that the

[original grantee] has any concern about the assignment to Chase, and the Ameses cannot manufacture standing for themselves by asserting a claim that the party with standing has not asserted."). The Supreme Court specifically distinguished *Johnson*, explaining in a footnote that it declined to address "the situation where a plaintiff property owner alleges that she is no longer a debtor because the security deed has been cancelled, so legal title has reverted to the property owner and no one — not the original deed holder or any purported assignee — would have the power of sale." *Id.* at 740 n.6.

Here, as demonstrated by the evidence and highlighted in the R&R, this case is distinguishable from *Johnson* because it does not involve the interpretation of Georgia pleading standards and, more importantly, Plaintiff does not allege and cannot prove that he repaid his loan. Rather, the evidence shows that he has not repaid the loan and that he is in default. R&R at 15. Accordingly, Plaintiff's Objection should be overruled, and Magistrate Judge Johnson's R&R should be adopted by this Court.

B.  The Magistrate Judge Properly Recommends that Summary Judgment be Granted in Favor of CMI with Respect to Plaintiff's FDCPA Claim.

Magistrate Judge Johnson recommended that summary judgment be granted in favor of CMI on Plaintiff's FDCPA claim because CMI is not a debt collector as a matter of law. Specifically, the R&R found that the undisputed facts demonstrate

that CMI has serviced the loan since 2003, and that the loan was not in default at that time.  R&R 16-18.  Therefore, CMI is not a debt collector as a matter of law.

Plaintiff raises two objections to the R&R.  First, Plaintiff argues that the security deed was not assigned to CMI until 2013, after the loan was in default, and therefore, CMI is a default servicer that qualifies as a debt collector.  Objection at 6.  This argument fails because Plaintiff confuses the assignment of the security interest with the transfer of the right to service and collect the loan.  As Plaintiff concedes, CMI's internal records conclusively demonstrate that CMI has been servicing his loan since 2003, long before he defaulted.  *See* Objection at 6.  Accordingly, as a loan servicer that began servicing the loan prior to Plaintiff's default, CMI is not a default servicer or debt collector and the FDCPA does not apply as a matter of law.  *See* 15 U.S.C. § 1692a(6)(F)(iii) (excluding from the definition of a debt collector "any person collecting or attempting to collect any debt owed or asserted to be owed or due another to the extent such activity . . . **concerns a debt which was not in default at the time it was obtained by such person**." (emphasis added)).

Second, Plaintiff argues that CMI is a debt collector because it has not always owned Plaintiff's loan.  Objection at 7.  However, this objection lacks merit because Plaintiff confuses the distinction between a servicer who holds the right to

collect on and enforce the loan documents, which CMI has always been, with an owner or investor in the underlying loan. Under the FDCPA, a servicer collecting a mortgage loan on its own behalf is not a debt collector, regardless of whether some other entity also owns an interest in the loan. The Eleventh Circuit recently touched upon this issue in *Diaz v. First Marblehead Corp.* No. 14-15797, 2016 U.S. App. LEXIS 3267, at *12-13 (11th Cir. Feb. 25, 2016). In *Diaz*, the Eleventh Circuit held that a loan servicer was not a debt collector where it was collecting a debt it serviced, notwithstanding the fact that the ownership of the loan changed several times over a three-year period. *Diaz v. First Marblehead Corp.*, No. 14-15797, 2016 U.S. App. LEXIS 3267, at *12-13 (11th Cir. Feb. 25, 2016). Therefore, the fact that another entity may have owned an interest in the Loan does not transform CMI, the servicer since 2003 and the holder of the Note, into a debt collector. As the loan servicer that held the Note and was the assignee of the originating creditor, CMI is a creditor entitled to collect the Loan.[1]

---

[1] *See, e.g.*, *Malone v. CitiMortgage, Inc.*, Civ. Act. No. 12-002350-TWT-GGB, 2012 U.S. Dist. LEXIS 168791, at *4 (N.D. Ga. Oct. 15, 2012) ("In any event, the FDCPA does not apply to a creditor such as CitiMortgage that is seeking to collect its own debt."); *Ferguson v. CitiMortgage, Inc.*, 2013 U.S. Dist. LEXIS 185152, at *21 (N.D. Ga. Jan. 8, 2013) ("The facts alleged refute the notion that CitiMortgage (or its predecessor, Principal) is a debt collector under the terms of the FDCPA or that it engaged in debt collection activity that allegedly violated the statute. The record establishes that CitiMortgage possessed the security interest in Plaintiff's property."); *see also Davidson*, 44 F. Supp. 3d at 1243 n. 16 (rejecting plaintiff's

For these reasons, Magistrate Judge Johnson correctly found that the FDCPA does not apply to CMI as a matter of law, and Plaintiff's Objection should be overruled.

C.   The Magistrate Properly Recommends that Summary Judgment be Entered in Favor of CMI with Respect to Plaintiff's TCPA Claim Based on the Alleged Use of an ATDS.

Finally, Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be entered in favor of CMI with respect to Plaintiff's claim that CMI violated the TCPA by using an ATDS.  Plaintiff's only basis for this objection is his testimony that when he answered the phone, he "was greeted by an automated system and not a human."  Objection at 9.  However, this argument and testimony relates only to Plaintiff's claim that CMI allegedly violated the TCPA by delivering a pre-recorded voice.  *Id.*  Plaintiff cites to no admissible evidence in the record sufficient to create a dispute of material fact regarding whether CMI *used an ATDS*.

---

argument that servicer was a debt collector because his loan was securitized and owned by others because securitization of a loan is a separate contract, distinct from the debt obligations between the debtor and creditor or servicer); *Duncan v. CitiMortgage, Inc.*, 2013 U.S. Dist. LEXIS 183623, at *34-*37 (N.D. Ga. Dec. 20, 2013); *Gass v. CitiMortgage, Inc.*, 2012 U.S. Dist. LEXIS 114457, at *42-*52 (N.D. Ga. June 25, 2012); *Jones v. CitiMortgage, Inc.*, 2014 U.S. Dist. LEXIS 134725, at *8-*9 (S.D. Ga. Sept. 24, 2014); *Boakye-Dankwa & Moore v. CitiMortgage, Inc.*, 1:15-cv-00352-RWS (N.D. Ga. Sept. 11, 2015); *Jackson v. CitiMortgage, Inc. et al.*, 1:13-cv-1372-JEC-GGB (N.D. Ga. Feb. 10, 2014).

Under the TCPA, it is unlawful

> to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice

47 U.S.C. § 227(b)(1)(A). Magistrate Judge Johnson construed Plaintiff's claim to assert two TCPA claims – one for the unauthorized use of an ATDS, and one for the delivery of a pre-recorded voice. The R&R found that Plaintiff proffered no admissible evidence to support his allegation that CMI used an ATDS sufficient to create a dispute of material fact. R&R at 21. CMI proffered evidence that it did not use an ATDS to make the alleged calls to Plaintiff, and Plaintiff lacked personal knowledge to offer personal testimony to create a dispute of fact on this point.

In his Objection, Plaintiff argues that his testimony that he heard a pre-recorded voice is sufficient to establish the use of an ATDS. Plaintiff's argument lacks merit. As construed by Magistrate Judge Johnson, Plaintiff purportedly asserted two separate claims under § 227(b)(1)(A): one for the use of an ATDS, and one for the delivery of a pre-recorded voice. The evidence on which Plaintiff relies relates only to the second claim, which the R&R has recommended proceed to trial. Plaintiff's Objection fails to identify any admissible evidence overlooked by Magistrate Judge Johnson related to the first claim. Accordingly, Magistrate

9

Judge Johnson properly recommended that the Court grant summary judgment in favor of CMI with respect to Plaintiff's TCPA claim based on the alleged use of an ATDS, and Plaintiff's Objection should be overruled.

## CONCLUSION

For the foregoing reasons, Plaintiff's Objections to Magistrate Judge Johnson's well-reasoned and thorough Report and Recommendation should be overruled, and the Court should adopt the Report and Recommendation in full.

Dated this 3rd day of October, 2016.

/s/ *Sarah T. Reise*
Stefanie H. Jackman, GA Bar No. 335652
jackmans@ballardspahr.com
Sarah T. Reise, GA Bar No.181567
reises@ballardspahr.com
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA  30309-5915
Telephone (404) 678-9300
Facsimile: (404) 678-9301

*Counsel for Defendant CitiMortgage, Inc.*

## **CERTIFICATE OF COMPLIANCE WITH LR 5.1(B), N.D.Ga.**

Pursuant to LR 7.1(D), N.D. Ga., I hereby certify that the foregoing has been prepared using one of the fonts and point selections approved by the Court in LR 5.1(C), N.D. Ga. This document was prepared using Times New Roman, 14 pt. font.

Respectfully submitted, this 3rd day of October, 2016.

                                         */s/ Sarah T. Reise*
                                         Sarah T. Reise, Esq.
                                         Georgia Bar No. 181567

                                         *Counsel for Defendant CitiMortgage, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a copy of this **DEFENDANT CITIMORTGAGE, INC.'S RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** with the Clerk of Court using the CM/ECF system, and upon the following party via U.S. Mail:

Ricky R. Franklin, *pro se*
708 Brambling Way
Stockbridge, GA 30281


Dated:  October 3, 2016         /s/ *Sarah T. Reise*
                                Sarah T. Reise
                                GA Bar No. 181567

                                *Counsel for Defendant CitiMortgage, Inc.*